In the Matter of the Claim of CATHERINE SICKER, Respondent, v. KARL SCHROLL & ASSOCIATES, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of death benefits on the ground that there is no substantial evidence to support the board's finding of causal relationship. Decedent, age 63, was employed as a worker on a steamship. On September 5, 1960 decedent consulted Dr. Flynn complaining of painful buttocks which he attributed to having backed into a packing case on July 25. Dr. Flynn diagnosed a hematoma and advised decedent to go to a hospital. Ignoring this advice, decedent went to work the following day but collapsed on the job and was immediately hospitalized. On September 7 Dr. Flynn incised the area and packed it. Decedent's condition, however failed to improve; uremia commenced to overtake him, and on September 22 he died. An autopsy revealed the cause of death as diffuse lymphosarcoma. Claimant

took the position that the July 25 incident produced the alleged hematoma necessitating operative procedures which in turn hastened decedent's demise and introduced medical testimony to this effect. The board could not arrive at a decision and submitted the case to an impartial specialist who quite decisively opined that there was absolutely no causal relationship between the alleged trauma and decedent's death and that it was not possible to say that the diagnostic and operative procedures performed hastened death. Nevertheless the board found that "although he had an underlying cancerous condition from which he probably would have died eventually at some future date, the operative procedures *necessitated by the accident,* resulted in hastening of that death." (Emphasis added.) It is conceded, however, that there was, in fact, no hematoma, the black and blue area being due entirely to cancerous hemorrhaging, and the board has so found. Therefore the operative procedures which the board found hastened death were not necessitated by any accident and were thus not related to employment. They were merely undertaken as a result of a mistaken diagnosis. Decision and award reversed and claim dismissed, with costs against the Workmen's Compensation Board. Bergan, P. J., Herlihy, Reynolds and Taylor, JJ., concur.